IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE ) | |
| ) | |
| KAREN G. BAUNCHAND, ) | CASE NO. 07-38452-H3-13 |
| ) | |
| Debtor, ) | |
| ) | |

<u>MEMORANDUM OPINION</u>

The court has held a hearing on the "Application to Pay Filing Fees In Installments" (Docket No. 4) filed in the above captioned case. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion, and directing Debtor to pay the filing fee within 10 days. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Karen George Baunchand ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the instant case on December 4, 2007. William E. Heitkamp is the Chapter 13 Trustee.

The instant case is Debtor's third successive Chapter 13 case. The first case, Case No. 05-81648-G3-13, was filed on June 6, 2005. Heitkamp was the Chapter 13 Trustee in the first

case. The first case was dismissed on August 8, 2006, for failure of Debtor to make the payments called for under her proposed plan. Debtor (herself an attorney) was represented by an attorney in the first case. In the first case, Debtor indicated that she was unemployed at the time she filed the case, but anticipated that she would have $98,000 in annual income after she passed the bar exam. (Docket No. 1, Case No. 05-81648-G3-13).

The second case, Case No. 06-34647-H5-13, was filed on September 5, 2006, approximately one month after the first case was dismissed, and was dismissed on October 16, 2007, for Debtor's failure to make the payments called for under her proposed plan. Heitkamp was the Chapter 13 Trustee in the second case. Debtor filed the second case pro se. In the second case, Debtor again indicated in her schedules that she was unemployed, but anticipated that she would have a higher income after she passed the bar exam. (Docket No. 1, Case No. 06-34647-H5-13). Debtor subsequently amended the schedules in the second case, indicating that she was employed as a trainer, with monthly income of $3,002.00. She also indicated monthly expenses of $2,203.31, including her home mortgage payment. (Docket No. 59, Case No. 06-34647-H5-13).

Debtor filed the instant case on December 4, 2007, approximately two months after the second case was dismissed.

Debtor filed the instant case pro se.  Debtor's schedules now indicate that she is employed as an attorney, with her own firm.  She indicates income of $3,150 per month and expenses of $2,398.31 per month.  (Docket No. 7).

In the instant motion, Debtor seeks to pay the $274 filing fee in installments.  The form of the instant motion, which makes reference to a local rule of another district, does not set forth a timetable for the payment of the filing fee, but rather provides only for a minimum monthly payment of $50, and requires that all fees be paid within 120 days after the date of the petition.  The instant motion is opposed by the Chapter 13 Trustee.  Counsel for the Chapter 13 Trustee stated that Debtor has made no payments on any of her cases since April, 2006.

Debtor testified at the hearing on the instant motion that she now has monthly income of $2,000, and expenses in excess of her income.  She testified that she is now working as an attorney.  She testified that she believes she will be able to increase her income in the future, in order to make plan payments.  Debtor testified that she has made none of the payments due pursuant to her proposed Chapter 13 plan in the instant case.

## Conclusions of Law

Interim Bankruptcy Rule 1006(b) provides that the court may grant leave to pay in installments, and fix the number,

amount, and dates of payment.

Much of the case law construing Rule 1006 addresses the question of whether the filing fee may be waived in a Chapter 7 case. The courts considering whether a debtor is able to pay a filing fee in installments have considered the totality of the circumstances. In re Spisak, 361 B.R. 408 (Bankr. D. Vt. 2007); In re Machia, 360 B.R. 416 (Bankr. D. Vt. 2007).

In Spisak, the court considered, in determining, based on the totality of the circumstances, whether the debtor was able to pay a filing fee in installments: whether expenses exceed income; whether there are any discrepancies between the debtor's application and schedules, based on a review of the debtor's testimony, schedules, statement of affairs, and other pleadings; whether the debtor has any collateral sources of income from family or friends to pay the filing fee; whether the debtor listed any unreasonable expenses that could be directed to pay the filing fee; whether the debtor agreed to pay attorney's fees after the filing of the case; whether the debtor has any exempt property that could be used to pay the filing fee and, if so, the value of that exempt property. In re Spisak, 361 B.R. 408 (Bankr. D. Vt. 2007).

Only one, unpublished, opinion addresses the question of when a debtor should be permitted to pay a filing fee in installments. In In re Waller, 2005 WL 2205821 (Bankr. M.D. Ga.

4

2005), the court held that a debtor should not be permitted to pay a filing fee in installments where the debtor had failed to pay the filing fee in full in a previous case.

This court concludes that the determination of whether a debtor should be permitted to pay a filing fee in installments requires a consideration of the totality of the circumstances of the case.

The instant case is Debtor's third case, and the first two cases were dismissed for failure of the Debtor to make Chapter 13 plan payments.  None of the cases have produced a confirmed plan.  Debtor has not made Chapter 13 plan payments in this case, and has no disposable income at present with which to make such payments.  Debtor has filed documents without an understanding of what she was filing, including the form of the instant motion making reference to the local rules of a district other than the Southern District of Texas (Docket No. 4), a statement falsely certifying that she has made all the payments required by a confirmed Chapter 13 plan and requesting entry of discharge (Docket No. 29), a credit counseling certificate dated after the date of filing of the petition in the instant case, in contravention of 11 U.S.C. § 109(h)(1) (Docket No. 25), and a certificate stating she is unable to complete a postpetition instructional course in financial management because she is either incapacitated or disabled.  (Docket No. 26).  The court

concludes, based on the totality of circumstances, that Debtor should not be permitted to pay the filing fee in installments.

Based on the foregoing, a separate Judgment will be entered denying the "Application to Pay Filing Fees In Installments" (Docket No. 4) filed in the above captioned case, and directing Debtor to pay the filing fee within 10 days.

Signed at Houston, Texas on February 1, 2008.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE